IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD CORBIN,                          :        Civil No. 3:14-cv-755
        Petitioner                    :
                                  :        (Judge Mariani)
      v.                                 :

DAVID J. EBBERT,                         :
        Respondent                   :

**FILED
SCRANTON**

APR 2 9 2016

PER _____
DEPUTY CLERK

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Richard Corbin, an inmate currently confined at the Canaan United States Penitentiary in Waymart, Pennsylvania ("USP-Canaan"). For the reasons set forth below, the petition will be dismissed.

## I.   Background

Corbin claims that the Bureau of Prisons is denying him access to the courts while he is challenging his criminal conviction in the Eastern District of Pennsylvania. (Doc. 1, pp. 2-3, 6-8). Specifically, Corbin states that he is "being denied access to Correspond with [his] Co-defendants", and is being denied adequate time to view discovery materials. (*Id.* at pp. 2, 6-7). For relief, Corbin requests that the Court: "Order the granting of Cooerespondance [sic] with aforementioned co-Defendants", "Order U.S.P. Canaan to re-evaluate there [sic] records pertaining to petitioner and update such records to be accurate, relevant, timely, and complete for future determinations", "Order Government to provide Corbin full Discover [sic] in paper form as to cease the hinderances [sic] of having to obtain

the computer to view CD's on a time rational bases [sic]", and "restructure the procedures of post-trial litigation by pro-se appeallants [sic]". (*Id.* at p. 9).

## II.    Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540.

Careful review of the petition reveals that Corbin does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Indeed, Corbin acknowledges that he "is not challenging his conviction or sentence." (Doc. 1, p. 5). Rather, he challenges the conditions of his confinement and claims that his ability to access the courts is being obstructed. Because he is seeking to impose liability due to

2

the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the [government's] custody"). Consequently, the petition will be dismissed without prejudice to any right Corbin may have to reassert his present claims in a properly filed civil rights complaint.[1]  *See Hewlitt v. Holland*, Civil No. 96-1075, slip op. at 9 (M.D. Pa. July 2, 1997) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA, his claims will be dismissed without prejudice, as they are not habeas corpus claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").

An appropriate Order follows.

Date:  April ___, 2016

_____
Robert D. Mariani
United States District Judge

---

[1]   In this regard, the Court expresses no opinion as to the merits, if any, of any civil rights claim Corbin may file based upon the facts asserted herein.

3